**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**EARL NASH,**

                **Petitioner,**

  v.                                     **Civil Action No.**
                                          **9:10-CV-00361 (GLS)**

**ANDREA W. EVANS,**
**Parole Division, and**
**J. BELLNIER,**

                **Respondents.**

---

**APPEARANCES:**

**EARL NASH, 06-A-2508**
Petitioner, *pro se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

**GARY L. SHARPE**
**DISTRICT COURT JUDGE**

## ORDER

Petitioner Earl Nash has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. This action was originally filed in the Eastern District of New York, and was transferred to this Court in an Order dated March 26, 2010. Dkt. No. 3. Petitioner is incarcerated at the Marcy Correctional Facility and has not paid the required filing fee for this action. For the following reasons, the petition is dismissed without

prejudice.

In his petition, Petitioner challenges a December 10, 2009 decision by the Parole Board at Greene Correctional Facility to deny him parole. Dkt. No. 1 at 1. Petitioner asserts that because he is a non-violent felon, he is not required to appear before the parole board because it does not have jurisdiction to grant or deny his conditional release date, which is currently scheduled for April 18, 2010.  Dkt. No. 1 at 4. Petitioner further states that the parole board failed to take into consideration factors in his favor, including the programs he completed, before denying parole.  *Id.* Petitioner states that he has appealed the denial of parole both administratively to the Division of Parole's Appeals Unit, and in an Article 78 proceeding in state court.  *Id.* at 2.  He states that these appeals are "undecided at this time."  *Id.*

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless there is an "absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural

exhaustion requires that a petitioner raise all claims in state court prior to raising them in a habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any constitutional claims to the highest state court in the same factual and legal context in which it appears in the habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of the petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 03-CV-1377, 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007)(Hurd, J., adopting Rep.-Rec. of DiBianco, M.J.).

To exhaust a claim that parole was improperly denied, a petitioner "must first file an administrative appeal with the Division of Parole's Appeals Unit. If that appeal is denied, he must seek relief in state court pursuant to Article 78." *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005).

Here, Petitioner states that he appealed the denial of parole both administratively to the Appeals Unit and in an Article 78 petition in state court, and that the appeals are "undecided at this time." Dkt. No. 1 at 2. Since Petitioner's claims are presently awaiting appellate review, they are

unexhausted. Although a district court may exercise discretion to review and deny unexhausted claims pursuant to 28 U.S.C. § 2254 (b)(2), this Court declines to do in this case because Petitioner is already in the process of exhausting his claims. Therefore, there is no an absence of available State corrective process (e.g., where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect Petitioner's rights (e.g. where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000), *cert. denied* 532 U.S. 943 (2001).

Accordingly, the petition is dismissed without prejudice to re-filing it once Petitioner's claims are fully exhausted. *See Foster v. Spitzer*, No. 9:07-CV-0103, 2007 WL 1531904 (N.D.N.Y. Mar. 5, 2007) (habeas petition dismissed where petitioner had not yet completed state appellate review of his claims); *Hendricks v. West*, No. 9:05-CV-925, 2005 WL 3097898, *1-*2 (N.D.N.Y. Nov. 17, 2005) (habeas petition dismissed without prejudice for failure to exhaust state-court remedies where a CPL § 440 motion was pending in state court); *Barnes v. Florida Parole Com'n*, No. 3:04-CV-775SRU, 2004 WL 1553610, at *2 (D. Conn. Jul. 9,

2004)(dismissing without prejudice, sua sponte, a habeas petition challenging the calculation of his parole date by the Florida Parole Commission because the petitioner failed to exhaust his available state court remedies).[1]

**WHEREFORE**, it is

**ORDERED**, that this action is **DISMISSED WITHOUT PREJUDICE**; and it is

**ORDERED,** that the Clerk of the Court shall serve a copy of this Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

April 9, 2010

United States District Court Judge

---

[1] The Court notes that the dismissal of his petition will not unduly prejudice Petitioner because, based upon the information set forth in his petition, it appears that he will have ample opportunity to file timely a § 2254 habeas petition setting forth his claims once he has exhausted his state-court remedies. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). Petitioner is advised that any renewed habeas petition must be accompanied by either the required filing fee ($5.00) or an application to proceed in forma pauperis that has been certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in Petitioner's name at the facility. *See* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  To avoid any problems with the statute of limitations, Petitioner should promptly file any renewed section 2254 habeas petition upon exhaustion of his state court remedies. *See* 28 U.S.C. § 2244(d)(2).